Appellant worked for the state of Connecticut for over 21 years. She believed she was being discriminated against by her employer, so she filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, the EEOC. The EEOC found her employer to be in violation, and they sent her case to the Department of Justice. Then the Department of Justice issued the appellant a notice of right to sue. Appellant took that notice and filed suit or a complaint in the United States District Court. Appellant does not believe she got a fair legal process in the district court. Judge Thompson dismissed the case with prejudice pursuant to federal rules of civil procedure 37B and 41B. This case is not about a failure to produce documents or a failure to do something. In fact, the plaintiff did turn over the majority of her documents to her court-appointed legal counsel. It was in reviewing those documents, once she received some of them back from counsel on disk, that she began to have some concerns, some serious concerns. In January of 2015, appellant filed a letter in district court addressed to Judge Thompson explaining her legal counsel's professional conflict with respect to a claim against CHRO, which is the Commission on Human Rights and Opportunities. Since the appellant did not want to lose her ability to argue the CHRO piece and her legal counsel felt his firm could not argue it on the appellant's behalf, they felt there was no other option but to part ways. Unfortunately, rather than trying to handle the situation in a professional manner, suddenly the court, plaintiffs, former counsel, and opposing counsel all tried to portray the appellant in a negative light. The appellant was denied accommodations she sought from the court and the Americans with Disability Act, the ADA, in the form of additional time. That was additional time to submit discovery documents to the other side. In addition, the appellant stated that she had uncovered some discrepancies as it related to her prior counsel, and she needed further time to research and investigate these. She added that she wanted to preserve her remedies. This was outlined in a motion for extension of time filed in district court on April 30, 2015. Appellant believes there were several factors beyond her control that prevented her from meeting the last discovery deadline, and she notified the court of this in writing on numerous occasions. The appellant required more time to accommodate her disability and more time to review the disk she had received from her former counsel. Ms. Lee, let me interrupt for just a minute. Okay. How much more time would you have needed, do you think, to completely comply with the court's order that you produced documents? What happened that was of concern was, I'm just going to back up a minute. We were at a hearing, and the pro bono counsel had listed all the different avenues I had been into regarding my case, and he left out CHRO. So I said to him, why aren't you bringing the CHRO piece? So there was a pattern of him weaning out the CHRO piece. So once I gave him my discovery documents, the majority of them, he started giving me disks of them back to review in order to send them to a pousing counsel. And what I saw on those disks was very concerning to me. And I believe that the attorney who was appointed by the district court for me on a pro bono basis was actually intervening in my case on CHRO's behalf. So suddenly I had to look over. So how much more time would you have needed after you made that discovery? Because I think the district court was concerned that he had set a number, the district judge was concerned that he had set a number of deadlines and they had not been met. Right. I think that the issue is the condition that those came back to me in. So now suddenly we're looking at documents that were no longer in the condition that I had given them to my pro bono counsel. So it became, oh, like a fine-tooth comb. Now I have to go back through everything. How much more time do you think you would have needed? I'm not sure because it came down to, I'd have to go back to what the original document looked like versus what he's giving me back. So I don't know if you understand. Yeah, he was weaning out the CHRO piece. So suddenly my documents weren't in the same form that I'd given him. So suddenly to turn them over, you know, I was like, whoa. They've been, you know, it's concerning. Yeah. So I don't know that I can give you an exact time. I can think about it. I don't have an answer right on the spot. Okay. And I only had two paragraphs left here. Appellant does not believe that the judge adequately considered a sanction less drastic than dismissal. Appellant was not given a fair chance to be heard, and her disability was not accommodated. Appellant therefore respectfully asks that the court reverse the judgment of the district court with a finding of fact in favor of the appellant. In the alternative, the court should remand the case for a fair and impartial trial before an unprejudiced jury on proper evidence and under correct instruction, as is just and proper. And then I wouldn't mind bringing two things to your attention. When I filed my notice of appeal, which I was told I had to file in the district court, my case all along in district court has been against the Connecticut Department of Children and Families and Joetta Katz in her official capacity as Commissioner of the Department of Children and Families. When they filed it with your court, the Second Circuit Court, they reversed those and they put Joetta Katz at the top. And so now the short name of my case is Lee versus Katz. And I just think that that one example, I think, shows just how they want my case to not be in the public eye, enough so. You're over your time, so why don't you finish? Am I? Yeah, the clock means you're over a minute. Oh, it says 1.14. Oh, okay, that's over, not, okay. Now you're over that much. Why don't you take a moment to finish up? Okay, so I just, you know, there's just, I felt like that went on a lot in the district court. There was a lot of covering up. My case would always be heard last. There was a lot of they didn't want it out. And also my case has ties to the gentleman who built my building, where I got sick on the black mold, was Tommaso, who was tied to our governor who was indicted, who I believe just last night, again, went away under indictment charges. So I think there are many reasons why they didn't want information about my case getting out to the public, and I think some stem from that. All right. Well, your case is public. Everything is publicly filed. Okay. We have your papers, which we have read, and we thank you for your argument. We'll hear from the other side. Okay. Thank you. Good afternoon, Your Honors. My name is Jennifer Bennett. May it please the Court, I represent the defendants in this case, Joette Katz and the Department of Children and Families. Your Honors, this Court should affirm the District Court's dismissal of this case under either Rule 41 or Rule 37, Federal Rules of Civil Procedure, for the plaintiff's discovery noncompliance. Federal Rules 37 and 41 can be used interchangeably. I believe our argument is that the District Court below considered all of the factors required under either Rule 41 or Rule 37 for dismissal of this case, including duration, notice, likelihood that further delay will prejudice the defendant, the need to alleviate court calendar congestion, balance against plaintiff's right to due process, and the efficacy of lesser sanctions. Your Honors, the defendant was essentially kept from receiving any response to the 30 requests for productions for a year and eight months, from January of 2014 through the dismissal of this case on September 30, 2015. The District Court held multiple conferences, gave the plaintiff in this case notice multiple times, as is outlined in my brief, that if she did not comply, her case could be dismissed. She did comply with, she attended a deposition, correct? She attended a deposition, Your Honor, however, that deposition was not effective because of the fact that at the time that counsel tried to depose her, counsel did not have any of the documents that could, in fact, have relevant information for her case, as was noted by her prior pro bono counsel on the record in the May 2015 hearing in front of Judge Thompson. And I will also note that the District Court, Judge Miriam specifically notified the plaintiff that there was a mechanism in place, if she had documents she had concerns about, to identify those documents, just produce the documents, identify those that she had concerns about, and it would be addressed at a later date, but that the case needed to move forward. It was going to trial in fall of that year. Based upon all those factors, the District Court properly dismissed this case, and we ask that this Court affirm that dismissal. Thank you.